UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KALINA KRSTOVSKA,

        Plaintiff,

v.

        Case No. 24-12903
        U.S. DISTRICT COURT JUDGE
        GERSHWIN A. DRAIN

STAUNTON FINANCIAL, INC.,

        Defendant.

_____/

## OPINION AND ORDER GRANTING DEFENDANT STAUNTON FINANCIAL, INC.'S PARTIAL MOTION TO DISMISS [#4]

### I.  INTRODUCTION

Presently before the Court is Defendant Staunton Financial, Inc.'s Partial Motion to Dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant seeks dismissal of Counts I, III, and IV of Plaintiff's complaint. This matter is fully briefed. Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve this motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Defendant's Partial Motion to Dismiss is GRANTED.

## II.   BACKGROUND

This is an employment discrimination case. Plaintiff, a Macedonian woman who speaks English with an accent, was allegedly employed by Defendant in a managerial role for nearly a decade. She claims she was suddenly demoted, experienced a pay cut, and was replaced by two younger, white men. Soon thereafter, Plaintiff contends, she was terminated without warning. Plaintiff maintains that she met all performance goals and faced no disciplinary action during her tenure with Defendant.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 5, 2023, alleging that Defendant discriminated against her based on her national origin. The narrative of Plaintiff's EEOC charge states:

> On July 15, 2013, I began working for [Defendant]. I last held the position of Production Worker. During my employment I was demoted from Operations Team lead to Production Worker. On October 6, 2023, I was terminated. I believe that I have been discriminated against due to my national origin Macedonian, in violation of Title VII of the Civil Rights Act of 1964, as amended.

ECF No. 4-2, PageID.45. The EEOC issued a right to sue letter on August 30, 2024, authorizing Plaintiff to file a lawsuit against Defendant within 90 days of receipt of the notice. The EEOC made no determination regarding the merits of Plaintiff's claim.

Plaintiff initiated the present lawsuit against Defendant on November 1, 2024.

Her complaint alleges (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 *et seq.* ("Title VII") (Count I); (2) disparate treatment in violation of Title VII (Count II); (3) hostile work environment in violation of Title VII (Count III); (4) retaliation in violation of Michigan's Elliot-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq.* ("ELCRA"), (Count IV); (5) disparate treatment in violation of ELCRA (Count V); and (6) hostile work environment in violation of ELCRA (Count VI). Defendant filed the Partial Motion to Dismiss that is presently before the Court on December 16, 2024, seeking dismissal of Counts I, III, and IV. Defendant claims dismissal of Counts I and III is appropriate because Plaintiff failed to exhaust her administrative remedies as to these claims prior to filing suit. Defendant also argues that Counts I and IV should be dismissed because Plaintiff's complaint fails to plead essential elements of these claims. Plaintiff filed a Response on January 13, 2025, and Defendant filed a Reply on January 23, 2025.

### III. LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted." *Ashh, Inc. v. All About It, LLC*, 475 F. Supp. 3d 676, 678 (E.D. Mich. 2020). When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*,

487 F.3d 471, 476 (6th Cir. 2007). The court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (citation omitted). Dismissal is appropriate if the plaintiff's complaint fails to offer sufficient factual allegations that make the alleged claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted). A court may, however, "consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein." *Id.*

## IV. DISCUSSION

### A. Plaintiff's Title VII Retaliation and Hostile Work Environment Claims (Counts I and III)

Defendant claims dismissal of Counts I and III is appropriate because Plaintiff failed to exhaust her administrative remedies as to these claims prior to filing suit. "To pursue a Title VII action, a plaintiff must file a timely charge of employment discrimination with the EEOC or the appropriate state agency, obtain a right-to-sue letter from the EEOC, and file a timely complaint in federal court." *Townsend v. Rockwell Automation, Inc.*, 852 F. App'x 1011, 1013 (6th Cir. 2021) (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Peeples v. City of Detroit*, 891 F.3d 622, 633 (6th Cir.

4

2018)). "Only claims that are included in the charge or are 'reasonably related to or grow out of the factual allegations in the EEOC charge' may be heard in federal court." *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 234 (6th Cir. 2017) (quoting *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 361-62 (6th Cir. 2010)). This exhaustion requirement "serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion." *Younis*, 610 F.3d at 361 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974)).

First, Plaintiff concedes that her EEOC charge "does not include a retaliation claim." ECF No. 8, PageID.82. Accordingly, Plaintiff's Title VII retaliation claim is dismissed for failure to exhaust administrative remedies.

Second, it is undisputed that Plaintiff's EEOC charge does not expressly include a hostile work environment claim. As such, this claim may proceed only if it is reasonably related to or grows out of the factual allegations contained therein. Under Title VII, a workplace is hostile if it is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (cleaned up). The Sixth Circuit has held that "the inclusion in an EEOC charge of a discrete act or acts, standing alone,

5

is insufficient to establish a hostile-work-environment claim for purposes of exhaustion." *Younis*, 610 F.3d at 362. Here, Plaintiff's EEOC charge does not allege facts suggesting the type of ongoing, pervasive conduct necessary to give rise to a hostile work environment claim. It instead alleges only two discrete incidents—her demotion and subsequent termination—which standing alone are insufficient to establish a hostile work environment claim.

Plaintiff contends that her response to Defendant's position statement, which she submitted to the EEOC during its investigation, alleges facts that give rise to a hostile work environment claim. Consideration of this submission, however, is improper. The expected scope of the EEOC's investigation is determined by the allegations in the charge itself, rather than those contained in responsive documents. *See Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 237 (6th Cir. 2017); *Tobias v. Terex, USA Inc.*, No. 20-13333, 2022 WL 3686423, at *9 (E.D. Mich. Aug. 25, 2022). This is because Sixth Circuit precedent "consistently refers to the *charge of discrimination* as the guiding document." *Tobias*, 2022 WL 3686423, at *9 (emphasis in original) (citing *Jones v. Sumser Ret. Vill.*, 209 F.3d 851, 854 (6th Cir. 2000); *Perry v. Am. Red Cross Blood Servs.*, 651 F. App'x 317, 324 (6th Cir. 2016); *Younis*, 610 F.3d at 361; *Weigel v. Baptist Hosp. of East Tenn.*, 302 F.3d 367, 308-81 (6th Cir. 2002)). Furthermore, consideration of this submission would undermine a key purpose of the exhaustion requirement: providing the employer with notice of

the allegations against it and a meaningful opportunity to resolve the dispute through conciliation. The EEOC does not share a charging party's response to the employer's position statement with the employer.[1] While Plaintiff served a copy of her response to Defendant, she did so after Defendant had already submitted its position statement to the EEOC, thereby depriving it of meaningful notice of her allegations and an opportunity to respond. For these reasons, consideration of Plaintiff's response to Defendant's position statement is improper for purposes of determining the expected scope of the EEOC's investigation. As such, the Court concludes that Plaintiff's EEOC charge does not allege a hostile work environment claim.

In conclusion, the Court finds that Plaintiff failed to exhaust her administrative remedies as to her Title VII retaliation and hostile work environment claims. Therefore, Counts I and III are dismissed.

### B. Plaintiff's Retaliation Claims (Counts I and IV)

Next, Defendant claims dismissal of Plaintiff's retaliation claims, brought pursuant to Title VII and ELCRA, is appropriate because her complaint does not plead essential elements of these claims. In light of the Court's finding that dismissal of Plaintiff's Title VII retaliation claim is appropriate due to failure to exhaust administrative remedies, the Court addresses this argument only as to Plaintiff's

---

[1] https://www.eeoc.gov/employers/questions-and-answers-respondents-eeocs-position-statement-procedures.

ELCRA retaliation claim.

First, the Court acknowledges that Plaintiff's response to Defendant's motion to dismiss does not address Defendant's position that dismissal of this claim is appropriate. "It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." *Rouse v. Caruso*, No. 06-cv-10961, 2011 WL 918327, at *18 (E.D. Mich. Feb. 18, 2011) (citation omitted).

Even if Plaintiff had addressed Defendant's argument, her complaint fails to allege facts that make her ELCRA retaliation claim plausible on its face. ELCRA retaliation claims are analyzed under the same standard as Title VII retaliation claims. *Johnson v. Farmington Public Schools*, 728 F. Supp. 3d 723, 750-51 (E.D. Mich. 2024). The plaintiff has the initial burden of establishing that "(1) [she] engaged in protected activity, (2) the employer knew of the exercise of the protected right, (3) an adverse employment action was subsequently taken against the employee, and (4) there was a causal connection between the protected activity and the adverse employment action." *Khalaf v. Ford Motor Co.*, 973 F.3d 469, 488-89 (6th Cir. 2020) (cleaned up).

In her complaint, Plaintiff alleges that the "act of filing with the EEOC regarding Defendants' employees' conduct was a protected activity under the

ELCRA." ECF No. 1, PageID.16. But Plaintiff did not file her EEOC charge until *after* she was terminated. As such, she did not engage in a protected activity while employed by Defendant. Therefore, Plaintiff's complaint fails to allege a plausible ELCRA retaliation claim against Defendant.

## V.    CONCLUSION

Based on the foregoing, Defendant's Partial Motion to Dismiss is GRANTED. Counts I, III, and IV of Plaintiff's complaint are dismissed with prejudice.

SO ORDERED.

Dated: May 27, 2025                                              /s/Gershwin A. Drain
                                                                 GERSHWIN A. DRAIN
                                                                 United States District Judge

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on May 27, 2025, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager

9